UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GARY L. ELDRIDGE,

    Plaintiff,

v.

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

    Defendant.

No. 11-CV-409-JPH

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec.13, 19.) Attorney Rebecca M. Coufal represents plaintiff; Special Assistant United States Attorney Robert L. Van Saghi represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec.8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** defendant's Motion for Summary Judgment and **DENIES** plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Gary L. Eldridge (plaintiff) filed for disability insurance benefits (DIB) on December 12, 2008. (Tr. 168, 180.) Plaintiff alleged an onset date of November 10, 2008. (Tr. 168, 180.) Benefits were denied initially and on reconsideration. (Tr. 91, 97, 99.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Marie Palachuk on July 28, 2010. (Tr. 41-

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

86.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 66-77.) Medical expert Dr. Ming Vu and vocational expert Fred Cutler also testified. (Tr. 44-65, 77-85.) The ALJ denied benefits (Tr. 18-28) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was born on July 9, 1956 (Tr. 168) and was 54 years old at the time of the hearing. He has a college degree in business administration. (Tr. 71-72.) Plaintiff has work experience in a steel foundry, as a long-haul truck driver, and as an assembler, fabricator and supervisor in a machine shop. (Tr. 68.) He had an operation on the ulnar nerves of both arms due to his work in the foundry. (Tr. 66.) He left his job as a truck driver because of heart problems. (Tr. 68.) He may have muscular dystrophy. (Tr. 73-75.) He is a diabetic. (Tr. 70.) He has problems with his vision. (Tr. 70.) His eyesight is getting worse, he sees double and there are "floaters" like little pieces of dust in his eyes all the time. (Tr. 70-71.) He says he has trouble typing because his fingers "just won't go where they're supposed to." (Tr. 71.) His hands and feet cramp when doing yard work. (Tr. 77.)

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch

inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since November 20, 2008, the alleged onset date. (Tr. 20.) At step two, the ALJ found plaintiff has the following medically determinable impairments: possible myotonic muscular

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

dystrophy, atrial fibrillation, obesity and diabetes. (Tr. 20.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 21.) The ALJ then determined:

> [C]laimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, and he can stand or walk for 6 hours in and 8-hour workday and he can sit for 6 hours in an 8-hour workday. All posturals are limited to occasionally, except he can never climb ladders, ropes or scaffolds. Handling and fingering are limited to occasional bilaterally, and he should avoid even moderate exposure to hazards such as unprotected heights and dangerous or moving machinery.

(Tr. 22.) At step four, the ALJ found plaintiff is unable to perform any past relevant work (Tr. 26.) After considering plaintiff's age, education, work experience, residual functional capacity, and the testimony of a vocational expert, the ALJ determined plaintiff has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy. (Tr. 27.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from November 20, 2008, through the date of the decision. (Tr. 28.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ: (1) failed to develop the record; (2) failed to provide sufficient reasons for disregarding medical opinion evidence; and (3) did not provide the necessary basis for the credibility finding. (ECF No. 14 at 10-19.) Defendant argues substantial evidence supports the ALJ's decision and the ALJ: (1) fulfilled his duty to develop the record; and (2) properly evaluated the medical opinion evidence; and (3) properly evaluated plaintiff's credibility. (ECF No. 20 at 7-14.)

**DISCUSSION**

**1.    Duty to Develop the Record**

Plaintiff argues the ALJ based the decision on insufficient evidence because the ALJ failed to develop the record regarding the medical opinion evidence. (ECF No. 14 at 12.) In Social Security cases, the ALJ has a special duty to develop the record fully and fairly and to ensure that the claimant's interests are considered, even when the claimant is represented by counsel. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983). The regulations provide that the ALJ may attempt to obtain additional evidence when the evidence as a whole is insufficient to make

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

a disability determination, or if after weighing the evidence the ALJ cannot make a disability determination. 20 C.F.R. § 404.1527(c)(3); *see also* 20 C.F.R. 404.1519a. Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir.1998).

Plaintiff suggests the ALJ should have sought additional records from Dr. Moise, Dr. Rojas and the CHAS clinic, should have contacted Dr. Moise, and should have asked plaintiff "if he had seen the doctor again after the examination by the neurologist." (ECF No. 14 at 13.) Plaintiff does not identify any particular ambiguity or inadequacy in the record, other than a vague assertion that there is "insufficient evidence" supporting the ALJ's decision. (ECF No. 14 at 13.) Plaintiff does not allege additional records from Dr. Moise, Dr. Rojas or the CHAS clinic pertaining to the relevant period exist and did not attempt to supplement the record with documents from any of those providers. There is no reason to believe any additional records exist and, more importantly, there is no ambiguity in the record identified that would be clarified by the production of additional records. Plaintiff asserts the ALJ "did not even from the record contact Dr. Moise" but does not explain what contact was needed or what ambiguity would be clarified. (ECF No. 14 at 13.)

Plaintiff does not cite to the record or legal authority or explain specifically how and why the ALJ erred in failing to develop the record. The court ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008). Plaintiff's assertions that the ALJ "should have" requested additional records or contacted Dr. Moise do not explain why or how those actions would shed light on a specific ambiguity in the record. Plaintiff also fails to address the ALJ's decision which explains in detail over a number of pages the evidence relied upon in making the nondisability determination. A vague assertion that there is insufficient evidence for the decision is inadequate; plaintiff should at least attempt to show the court why his argument is correct based on the evidence. "We require contentions to be accompanied by reasons." *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Because of the inadequacy of the argument, the court declines to further address this issue except to conclude the ALJ did not err in failing to develop the record because there is no ambiguity in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

the record.

**2.       Opinion Evidence**

Plaintiff argues the ALJ did not properly reject the opinions of Dr. Moise and Dr. Rojas.[2] (ECF NO. 14 at 9-15.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

**a.       Dr. Moise**

Dr. Moise first saw plaintiff in April 2009 and completed a DSHS Physical Evaluation form. (Tr. 259-65.) Dr. Moise diagnosed muscular dystrophy and assessed marked limitations in the ability to walk,

---

[2] It is unclear whether plaintiff intended to challenge the rejection of Dr. Rojas' opinion. (ECF No. 14 at 14-16.) If so, the argument is not adequately developed with supporting legal and factual citations. The court ordinarily will not address issues not argued with specificity. *See Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). However, in this instance the court gives plaintiff the benefit of the doubt and considers the ALJ's findings regarding Dr. Rojas' opinion.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

lift, handle and carry. (Tr. 264.) She also assessed limitations in balancing, crouching, handling, kneeling, pulling, pushing and stooping. (Tr. 264.) Dr. Moise opined plaintiff was limited to part-time sedentary work with breaks during hand tasks. (Tr. 264.) She also stated plaintiff has enough impairment to prevent him from working at any physical job, but he could possibly do a job using a computer with a voice-activated system where he would not have to do any repetitive hand activities or any heaving lifting, pushing or pulling. (Tr. 261.)

In April 2010, Dr. Moise performed another examination and completed a second DSHS physical evaluation form. (Tr. 320-26.) Dr. Moise noted there was an indication that some of plaintiff's symptoms are non-physiologic and more consistent with purposeful or psychogenic inability to use his right hand. (Tr. 321.) Her findings of cramping and weakness "look entirely psychogenic on examination today" although she also opined it is possible that he might have a mild presentation of myotonic dystrophy. (Tr. 320.) She diagnosed "possible" mild myotonic muscular dystrophy with subjective weakness in walking, lifting, handling and carrying. (Tr. 325.) Dr. Moise also diagnosed cardiac arrhythmia and assessed marked to severe limitations in standing, walking, lifting, and carrying as well as other postural limitations. (Tr. 325.) She opined plaintiff's work level was severely limited "until cardiac condition stabilized, then sedentary to light. I previously thought too weak to work but now looks less convincing." (Tr. 325.)

The ALJ gave little weight to Dr. Moise's April 2009 opinion because the opinion is inconsistent with her own findings. (Tr. 24.) A medical opinion may be rejected by the ALJ if it contains inconsistencies. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Where a treating physician's opinion is itself inconsistent, it should be accorded less deference. *Johnson v. Chater*, 87 F.3d 1015, 1018 (9th Cir.1996). The ALJ pointed out Dr. Moise's exam findings include weak facial muscles bilaterally, but his shoulders and upper extremities had normal range of motion. (Tr. 24, 260.) Plaintiff's gait and station were normal, although he had a limp from an old knee injury. (Tr. 24, 260.) Plaintiff's strength was 5/5 for all extremities except for the hand interosseous muscles which are 3/5, and plaintiff had a delay of grip release on the right hand but a very quick grip release on the left. (Tr. 260.) The ALJ observed that Dr. Moise's exam findings show no significant difficulty walking and the most significant finding was plaintiff's reduced grip release, notwithstanding her assessment of a marked limitation in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

walking and the conclusion that plaintiff "is not employable in any physical job" (Tr. 24, 261, 264.) The ALJ reasonably concluded Dr. Moise's assessed limitations are inconsistent with her findings. As a result, the ALJ did not err in rejecting Dr. Moise's April 2009 opinion.

The ALJ gave "considerable" weight to Dr. Moise's April 2010 opinion that plaintiff is capable of sedentary to light work because a subsequent echocardiogram revealed no significant problems (Tr. 24-25, 331.) Further, the ALJ pointed out the sedentary to light exertional level assessed by Dr. Moise is consistent with plaintiff's activities of daily living and the opinions of the reviewing physicians, Dr. Rubio and Dr. Staley, and the medical expert, Dr. Vu. (Tr. 24-26, 63-64, 282-89, 296.) These findings are supported by substantial evidence in the record and are a reasonable interpretation of the evidence.

**b.    Dr. Rojas**

Dr. Rojas, a neurologist, examined plaintiff in June 2010. (Tr. 490-92.) Plaintiff's reported symptoms were cramping in his hands and forearms, fatigue in his arm, nasality in his voice and excessive sleepiness during the day. (Tr. 490.) Dr. Rojas made a differential diagnosis of muscular dystrophy including fascial scapulohumeral muscular dystrophy, limb-girdle muscular dystrophy, or Becker's. (Tr. 491.) Dr. Rojas noted it is unclear whether plaintiff has myotonic dystrophy or muscular dystrophy. Genetic testing excluded type II myotonic dystrophy and his exam reflected no current myotonia, although plaintiff's phenotype appears consistent with myotonic dystrophy.[3] (Tr. 290, 491.) Dr. Rojas decided to treat plaintiff symptomatically for his "various muscle aches and pain" by prescribing medication for myotonic spasms. (Tr. 492-92.)

The ALJ stated Dr. Rojas "opined that [plaintiff] has been disabled since 2008." (Tr. 25.) The ALJ gave no weight to Dr. Rojas' opinion because "she did not explain whether the claimant was disabled from all work, or his past work, and she did not provide any functional limitations." (Tr. 25.) The RFC and disability determination are issues reserved to the Commissioner and physician opinions on those issues are not controlling or even entitled to special significance. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (RFC determination is ALJ's responsibility, not physician's); S.S.R. 96-5p. The ALJ appears to overstate Dr. Rojas' opinion as Dr. Rojas did not opine that plaintiff is disabled but recorded

---

[3] It is not clear whether Dr. Rojas was aware that DNA testing also ruled out myotonic dystrophy type 1. (Tr. 268, 299, 490.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

plaintiff had been disabled since 2008 under plaintiff's "Social History," presumably based on plaintiff's self-report and therefore not one of Dr. Rojas' findings. (Tr. 491.) The ALJ is correct that Dr. Rojas' report does not include an assessment of functional limitations. (Tr. 25.) Dr. Rojas' office visit notes do not constitute "an opinion which essentially agreed with Dr. Moise's original findings," as plaintiff asserts (ECF No. 14 at 15), since Dr. Rojas does not offer any opinion about plaintiff's work-related limitations or ability to work. The ALJ reasonably concluded Dr. Rojas' treatment notes do not alter the RFC or ultimate nondisability finding and properly rejected the opinion. The ALJ's reason for giving little weight to Dr. Rojas' opinion is specific, legitimate and supported by substantial evidence.

**3.  Credibility**

Plaintiff argues the ALJ did not provide the necessary basis required for the credibility finding. (ECF No. 14 at 16.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

The ALJ found plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms not credible to the extent they are inconsistent with the residual functional capacity assessment. (Tr. 23.) Plaintiff asserts "The ALJ must provide reasons as described in *Lingenfelter* above which has not happened." (ECF No. 14 at 19.) Plaintiff is incorrect. The ALJ discussed evidence supporting two reasons for the negative credibility finding.

The ALJ first discussed objective evidence inconsistent with plaintiff's alleged limitations. (Tr. 23-24.) While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 416.929(c)(2)**.** The ALJ cited several instances in the record supporting a finding that plaintiff is not as limited as alleged (Tr. 23.) For example, the ALJ also pointed out plaintiff alleged limitations from cramping in his legs, but told Dr. Rojas, a neurologist, only that he was having cramping in his forearms and hands. (Tr. 23, 490.) One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record. S.S.R. 96-7p. The ALJ must consider such factors as the degree to which the individual's statements are consistent with the medical signs and laboratory findings and other information provided by medical sources, including information about medical history and treatment. *Id*. The ALJ's first clear and convincing reason for the negative credibility finding is supported by substantial evidence.

The second reason given by the ALJ in support of the negative credibility finding is plaintiff's daily activities show plaintiff is not as limited as alleged. (Tr. 24) It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in making the credibility determination. *See Rollins*, 261 F.3d at 857. The ALJ discussed evidence of plaintiff's daily activities and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

cited support for the conclusion that plaintiff is more capable than alleged. (Tr. 24.) In particular, the ALJ noted plaintiff testified takes a morning walk in the hills, walks in his yard, goes shopping, visits friends, and has friends over once or twice a week. (Tr. 24, 75-76.) Although plaintiff testified he gets help with yard work, he is able to perform all personal care, cook and do housework. (Tr. 24, 209-11.) The ALJ's interpretation of the evidence is reasonable. Thus, the ALJ cited a clear and convincing reason supported by substantial evidence in support of the credibility finding.

Plaintiff's argument fails to address the reasons and evidence cited by the ALJ in support of the credibility determination. The court concludes the reasons cited by the ALJ are clear and convincing reasons supported by substantial evidence. As a result, the ALJ did not err in determining plaintiff is less than fully credible.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 19)** is **GRANTED.**
2. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED February 26, 2013

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12